UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE MOSAIC AND TERRAZZO WELFARE, PENSION, ANNUITY, AND VACATION FUNDS, TRUSTEES OF THE MARBLE INDUSTRY PENSION FUND, THE MARBLE INDUSTRY ANNUITY FUND, AND THE MARBLE INDUSTRY TRUST FUND, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE,<br><br>　　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　-against-<br><br>PLATINUM MAINTENANCE SERVICES CORP., d/b/a PLATINUM TERRAZZO,<br><br>　　　　　　　　　　　　　　　　Defendant. | 18 cv _____<br><br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Mosaic and Terrazzo Welfare, Pension, Annuity, and Vacation Funds (the "Terrazzo Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Terrazzo Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Terrazzo Funds are administered at 45-34 Court Square, Long Island City, New York 11101.

5. Plaintiffs Trustees of the Marble Industry Pension Fund, Marble Industry Annuity Fund, and Marble Industry Trust Fund (collectively, the "Marble Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Marble Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Marble Funds maintain their principal place of business at 45-34 Court Square, Long Island City, New York 11101.

6. Plaintiffs Trustees of the Bricklayers & Trowel Trades International Pension Fund and the International Masonry Institute (the "International Funds" together, with the Terrazzo Funds and the Marble Funds, as the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The International Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The International Funds are administered at 620 F Street, N.W., Washington, D.C. 20004.

7. Defendant Platinum Maintenance Services Corp. d/b/a Platinum Terrazzo ("Platinum") is a corporation organized under the laws of the State of New Jersey. At relevant times, Defendant was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Defendant maintains its principal place of business at 120 Broadway, 36th Floor, New York, NY 10271.

## **FIRST CLAIM FOR RELIEF**

8. Plaintiffs repeat the allegations set forth in paragraphs 1 through 7 above and incorporate them herein by reference.

9. At relevant times, Defendant was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Mosaic, Terrazzo and Chemical Product Decorative Finisher Masons Workers Association Local No. 7 of New York, New Jersey & Vicinity of the International Union of Bricklayers and Allied Craftworkers (the "Terrazzo Union").

10. At relevant times, Defendant was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Marble Carvers, Cutters, and Setters Union, Local Union No. 7 of the International Union of Bricklayers and Allied Craftsman and the Marble Polishers and Restoration Finishers, Local No. 7 of the International Union of Bricklayers and Allied Craftsmen ("Marble Union" together with the Terrazzo Union, the "Unions").

11. The Unions are labor organizations that represent employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

12. The CBAs required Defendant to contribute to the Funds, and related entities on behalf of which they act as collection agents on or before the 15th day of each calendar month in

amounts determined by multiplying specified hourly contribution rates by the number of hours of employment of Defendant's employees within the trade and geographical jurisdiction of the Union ("Covered Work") during the preceding calendar month.  To enable the Funds to administer this requirement, Defendant was required to report to the Funds the number of hours of Covered Work performed by each of its employees during the preceding month.

13.     Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA.  In addition, section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.

14.     Representatives of the Terrazzo Funds completed an audit of Defendant's books and records covering the period June 1, 2012 through June 30, 2013 (the "2012-13 Terrazzo Audit") containing a principal deficiency of $22,356.66.

15.     Representatives of the Terrazzo Funds completed an audit of Defendant's books and records covering the period July 1, 2013 through June 30, 2015 ("2013-15 Terrazzo Audit") containing a principal deficiency of $60,268.42.

16.     Representatives of the Marble Funds completed an audit of Defendant's books and records covering the period June 1, 2012 through June 30, 2013 ("2012-13 Marble Audit") containing a principal deficiency of $7,894.04.

17.     Despite demand, the 2013-13 Terrazzo Audit, the 2013-15 Terrazzo Audit, and the 2012-13 Marble Audit (collectively, the "Audits") remain outstanding.

18. Under sections 502(g)(2) and 515 of ERISA, 29 U.S.C. § 1132(g)(2) and 1145, and under the CBA and the documents and instruments governing the Funds, Defendant is liable to the Funds for contributions in an amount to be determined at trial, including contributions of $90,519.12 in connection with Covered Work performed by Defendants' employees from June 1, 2012 through June 30, 2015, plus interest, liquidated damages, and all reasonable attorneys' fees, expenses, and costs incurred by Plaintiffs in prosecuting this suit.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs against Defendant in an amount to be determined at trial, including the principal deficiency contained in the Audits for the period June 1, 2012 through June 30, 2015 in the amount of $90,519.12, interest at the rates set forth in the documents and instruments governing the Funds; liquidated damages equal to 20% of the principal amount of the delinquencies; and all reasonable attorney's fees, audit expenses, and collection costs incurred by Plaintiffs; and

(2) Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York  
July 10, 2018

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____  
Charles R. Virginia  
Nicole Marimon  
40 Broad Street, Seventh Floor  
New York, New York 10004  
(212) 943-9080  
*Attorneys for Plaintiffs*